UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY GATES,

        Petitioner,

vs.                                    Case No. 3:16-cv-1457-HES-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

### I.  INTRODUCTION

Petitioner Anthony Gates, proceeding pro se, initiated this case by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1).   He challenges his state court (Duval County) conviction for conspiracy to traffic in cocaine.   Petition at 1-2. Petitioner raises nine grounds in the Petition:  (1) ineffective assistance of counsel for failure to file a motion to withdraw the plea prior to sentencing, or otherwise object, when the state violated the plea agreement, prejudicing Petitioner; (2) ineffective assistance of counsel for misinforming Petitioner that if he entered a plea he could provide substantial assistance to law enforcement

in order to reduce his sentence, which was not the case, resulting in an involuntary plea and prejudice to Petitioner; (3) ineffective assistance of counsel for failure to object to the state's introduction of evidence of arrest for a new violation at the sentencing hearing when that was not a condition of the plea agreement, resulting in prejudice to Petitioner; (4) ineffective assistance of counsel for failure to object to the state's recommendation of a sentence of 15 years to 30 years, which prejudiced Petitioner as this was a breach of the plea agreement; (5) Florida Statute § 893.135 is facially unconstitutional; (6) the cumulative effect of the ineffective assistance of counsel; (7) a violation of due process and equal protection due to the violation of the terms of the plea agreement, resulting in illegal incarceration; (8) ineffective assistance of counsel for failure to move for a hearing in recission or hold the state in full compliance to the performance of the contract; and (9) a fundamental error due to failure to investigate the Petitioner's criminal history, resulting in Petitioner entering a conditional plea involving a substantial assistance agreement.  Id. at 7-8 (capitalization omitted).

Petitioner believes his Petition is timely.  Id. at 24.  Respondents filed a Response to Petition for Writ of Habeas Corpus (Response) (Doc. 17)

asserting the federal petition is untimely filed and due to be dismissed.[1]

Petitioner filed a Reply to State's Response (Reply) (Doc. 26).[2]

## II.   TIMELINESS

Respondents calculate the Petition is untimely.   Response at 5-11.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA),

there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Respondents filed Exhibits (Doc. 17), hereafter referred to as "Ex."   In this opinion, the Court references the Bates stamp numbers as the bottom of each page of the exhibit. Otherwise, the page number on the exhibit will be referenced.

[2] With respect to the Petition, Response, and Reply, the Court will refer to the page numbers assigned by the electronic filing system.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to AEDPA, effective April 24, 1996, Petitioner had one-year to file a timely federal petition pursuant to 28 U.S.C. § 2254. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam) (one-year from date of enactment is adopted for convictions that became final prior to the effective date of AEDPA), cert. denied, 531 U.S. 840 (2000); see Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1058 (2000) (same). Upon review, the Court finds Petitioner complied with the one-year limitation period described above. An explanation follows.

After judgment and conviction, Petitioner appealed to the First District Court of Appeal (1st DCA). Ex. B1 at 58; Ex. B2. On August 11, 2011, the 1st DCA affirmed per curiam. Ex. B4. The mandate issued August 29, 2011. Ex. B5. The conviction became final on Wednesday, November 9, 2011 (90 days after August 11, 2011) (According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry

4

of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

Meanwhile, on September 16, 2011, Petitioner filed, pursuant to the mailbox rule, a motion to reduce and modify sentence, pursuant to Rule 3.800(c), Fla. R. Crim. P., which served to toll the limitation period.[3]   Ex. B6. See Rogers v. Sec'y, Dep't of Corr., 855 F.3d 1274, 1277 (11th Cir. 2017) (a Rule 3.800(c) motion constitutes an application for collateral review which tolls the limitation period).   The trial court denied the motion on December 7, 2011. Ex. B7.   The motion is not appealable;[4] therefore, the limitation period began running the following day, December 8, 2011, and ran for a period of 109 days, until Petitioner, pro se, filed an initial Rule 3.850 motion for post-conviction relief on March 26, 2012.   (Doc. 30).[5]   Through counsel, Petitioner filed an

_____

[3] During the pendency of the motion to reduce and modify sentence, Petitioner filed a state petition for writ of habeas corpus on September 21, 2011, which was denied by the 1st DCA on October 19, 2011.   Petitioner's Exhibits D & E (Docs. 26-4 & 26-5).

[4] A Rule 3.800(c) motion, directed to the discretion of the trial court, is not appealable. Frazier v. State, 766 So. 2d 459, 460 (Fla. 1st DCA 2000) (per curiam).   Thus, the motion becomes final upon the trial court's ruling.   Motes v. Fla. Dep't of Corr. Sec'y, No. 3:16cv468/MCR/EMT, 2017 WL 7053990, at *3 n. 5 (N.D. Fla. Sept. 6, 2017) (not reported in F. Supp), report and recommendation adopted by, 2018 WL 564857 (N.D. Fla. Jan. 25, 2018).

[5] The Court, on March 2, 2021, directed Petitioner to provide the Court with a complete copy of the pro se Motion 3.850 Post Conviction Relief for Ineffective Assistance of Counsel.   Order (Doc. 29).   Petitioner complied, providing the Court with a copy of his signed, post-conviction motion, date-stamped by an official of Wakulla Correctional Institution (WCI) on March 26, 2012.   Notice of Compliance (Doc. 30).   Pursuant to the mailbox rule, Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts, a document is deemed filed when a prisoner turns the document over to the prison authorities for mailing utilizing

amended Rule 3.850 motion.   Ex. C1 at 1-35.   The state responded to grounds

one through three, as directed.   Ex. C2 at 101-14.   The trial court denied the

amended motion on December 8, 2015.   Id. at 224-40.   The 1st DCA affirmed

per curiam on April 6, 2016.   Ex. C4.   The mandate issued on April 22, 2016.

Ex. C5.   The limitation period began to run the following day, April 23, 2016.

The remaining period, consisting of 256 days, would have expired on

Wednesday, January 4, 2017; however, Petitioner filed his timely federal

Petition on November 15, 2016, pursuant to the mailbox rule.

Based on the history outlined above, the Petition, filed on Tuesday,

November 15, 2016, is timely.   Therefore, Respondents request that the case

be dismissed with prejudice as untimely is due to be denied.   See Response at

11.

---

the institutional system designed for legal mail.   See Houston v. Lack, 487 U.S. 266, 276 (1988) (finding the notice of appeal filed at moment of delivery to the prison officials by a pro se prisoner).   The Court directed Respondents to provide the Court with any mail logs or other relevant documentation from WCI if such documentation exists.   Order (Doc. 29). Respondents, in their Notice of Compliance With Court Order (Doc. 31), state none exists. They attach a Memorandum (Doc. 31-1) from WCI ("The Florida Department of Corrections does not have means in place to document outgoing legal mail.").   Apparently, no mail logs exist for outgoing legal mail from WCI.   Thus, Respondents have not adequately countered Petitioner's contention that his Rule 3.850 was filed, pursuant to the mailbox rule, on March 26, 2012.   As such, the Court finds Petitioner filed his original pro se Rule 3.850 motion on March 26, 2012, the date Petitioner turned the document over to the prison authorities for mailing, as reflected on the date-stamped copy of the motion.

## III.   EVIDENTIARY HEARING

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted), cert. denied, 137 S. Ct. 2245 (2017).   To be entitled to an evidentiary hearing, the petitioner must allege "facts that, if true, would entitle him to relief." Martin v. United States, 949 F.3d 662, 670 (11th Cir.) (quoting Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)) (citation omitted), cert. denied, 141 S. Ct. 357 (2020). See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same).

If the allegations are contradicted by the record, patently frivolous, or based upon unsupported generalizations, the court is not required to conduct an evidentiary hearing. Martin, 949 F.3d at 670 (quotation and citation omitted).   In this case, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief; therefore, the Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert.

denied, 541 U.S. 1034 (2004).   Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief. Therefore, the Court finds Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

## IV.   HABEAS REVIEW

In a federal habeas proceeding, a reviewing court asks whether the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   In this case, AEDPA governs this state prisoner's federal petition for habeas corpus and "restricts the power of federal courts to grant writs of habeas corpus based on claims that were 'adjudicated on the merits' by a state court."   Shinn v. Kayer, 141 S. Ct. 517, 520 (2020) (per curiam).   See 28 U.S.C. § 2254; Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), petition for cert. filed, (U.S. Nov. 6, 2020); Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

Using this framework:

8

[federal courts] are prohibited from granting a state prisoner's habeas corpus petition unless the relevant state court decision on the merits of the petitioner's claim 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'

James v. Warden, Holman Corr. Facility, 957 F.3d 1184, 1190 (11th Cir. 2020)

(quoting 28 U.S.C. § 2254(d)(1)-(2)), cert. denied, No. 20-708, 2021 WL 769704

(U.S. Mar. 1, 2021).   This is a high hurdle, not easily surmounted:

A decision is "contrary to" clearly established federal law if the state court applied a rule that contradicts governing Supreme Court precedent, or if it reached a different conclusion than the Supreme Court did in a case involving materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if the court identifies the correct legal principle but applies it unreasonably to the facts before it. Id. "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 167 L.Ed.2d 836 (2007).

James, 957 F.3d at 1190-91.   Indeed, if the state court applied clearly

established federal law to reasonably determined facts when determining a

claim on its merits, "a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" Kayer, 141 S. Ct. at 520 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).

A state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)). This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)). As such, a federal district court may not supersede a state trial court's determination simply because reasonable minds may disagree about the finding. Id. (quotation and citation omitted).

10

Finally, a "look through" presumption is applicable.  Where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## V.   EXHAUTION AND PROCEDURL DEFAULT

A federal district court should not entertain a federal petition unless the petitioner has first exhausted his state court remedies.  Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509 (1982).   A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'"  Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).   The doctrine of procedural default requires the following:

> Federal    habeas    courts    reviewing    the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that

11

state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[6] supra, at 747-748, 111 S. Ct. 2546; Sykes,[7] supra, at 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ----, ----, 131 S. Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S.---, ----, 130 S. Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012).

As there are allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law[,]"    Martinez, 566 U.S. at 10 (citing Coleman, 501 U.S. at 750), and to demonstrate cause, a

---

[6] Coleman v. Thompson, 501 U.S. 722 (1991).

[7] Wainwright v. Sykes, 433 U.S. 72 (1977).

petitioner must show some objective factor external to the defense impeded his effort to properly raise the claim in state court.  Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999).   If cause is established, a petitioner must then demonstrate prejudice.   To demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred."  Owen, 568 F.3d at 908.   In the alternative, a petitioner may obtain review of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995).   The gateway exception is designed to prevent a constitutional error at trial from causing a miscarriage of justice and conviction of the actually innocent.   Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (citation omitted), cert. denied, 569 U.S. 1004 (2013).

In addressing the question of exhaustion, this Court must ask whether the claim was raised in the state court proceedings and whether the state court was alerted to the federal nature of the claim:

> Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. See 28 U.S.C. § 2254(b), (c). For a federal claim to be exhausted, the petitioner must have "fairly presented [it] to the state courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). The Supreme Court has

suggested that a litigant could do so by including in his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L.Ed.2d 64 (2004). The Court's guidance in Baldwin "must be applied with common sense and in light of the purpose underlying the exhaustion requirement"-namely, giving the state courts "a meaningful opportunity" to address the federal claim. McNair, 416 F.3d at 1302. Thus, a petitioner could not satisfy the exhaustion requirement merely by presenting the state court with "all the facts necessary to support the claim," or by making a "somewhat similar state law claim." Kelley,[8] 377 F.3d at 134-44. Rather, he must make his claims in a manner that provides the state courts with "the opportunity to apply controlling legal principles to the facts bearing upon (his) [federal] constitutional claim." Id. at 1344 (quotation omitted).

Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-52 (11th Cir. 2012), cert. denied, 568 U.S. 1104 (2013).

Respondents state it appears grounds one through six are exhausted as Petitioner raised comparable claims in grounds one through six of his amended Rule 3.850 motion (Ex. C1 at 7-35) and he appealed the denial of the motion. See Response at 13-14.   This Court agrees; the record demonstrates Petitioner exhausted grounds one through six in the state court system.

---

[8] Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).

Respondents contend Petitioner procedurally defaulted grounds seven through nine because these grounds were found to be procedurally barred in the state circuit court.   Response at 14-17.   Respondents explain, grounds seven, eight, and nine of the Petition are similar to those asserted in grounds one, two, and three of the petition for writ of habeas corpus filed in the state circuit court.   Ex. D1 at 14-34.   The circuit court founds these grounds procedurally barred.   Id. at 44-58.   Therefore, these grounds are procedurally barred in this Court.   Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1178-79 (11th Cir. 2010), cert. denied, 562 U.S. 1203 (2011).

Upon review of the record before the Court, grounds seven, eight, and nine should be dismissed as unexhausted and procedurally defaulted. Although Petitioner raised these grounds in a state petition for writ of habeas corpus, the circuit court, in denying these grounds, found they could or should have been raised in previous motions for postconviction relief.   Ex. D1 at 45-46.   On August 14, 2017, the 1st DCA affirmed.   Ex. D4.   The mandate issued on September 1, 2017.   Ex. D5.

"[A] state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice

from the default." Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) (citations omitted) (emphasis added), cert. denied, 513 U.S. 1061 (1994). The record demonstrates Petitioner did not properly present grounds seven, eight, and nine to the state courts. Any further attempts to seek post-conviction relief in the state courts on these grounds will be unavailing. As such, he has procedurally defaulted the claims.

As Petitioner is procedurally barred from raising these grounds, at this stage, he must demonstrate cause and prejudice. Upon review, this Court concludes he has failed to show cause and prejudice. See Reply at 8. He has also failed to show that failure to address these claims on the merits would result in a fundamental miscarriage of justice. This Court finds this is not an extraordinary case as Petitioner has not made a showing of actual innocence rather than mere legal innocence.

In conclusion, the Court finds grounds seven, eight, and nine are procedurally defaulted and the fundamental miscarriage of justice exception is inapplicable. Thus, Petitioner is barred from pursuing grounds seven, eight, and nine in federal court.

## VI.  MERITS

**Ground One:   The Petitioner's counsel was ineffective for failing to file a motion to withdraw the Petitioner's plea prior to the sentencing, or otherwise object, when the state violated the plea agreement, which prejudiced the Petitioner.**

Petition at 7.

Petitioner claims he was deprived of the effective assistance of counsel. Claims of ineffective assistance of counsel are "governed by the familiar two-part Strickland[v. Washington, 466 U.S. 668 (1984)] standard." Knight v. Fla. Dep't of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020), petition for cert. filed, (U.S. Jan. 7, 2021). Petitioner must make the familiar two-pronged showing:

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). Because the petitioner must make the required showing on both prongs of the Strickland test, a court may conduct its inquiry in any order and need not address both components of the test if the petitioner's showing falls short on either one. Id. at 697, 104 S. Ct. 2052. In particular, where it is easier to avoid assessing counsel's performance and resolve the petitioner's claim on the ground that he has not made a sufficient showing of prejudice, courts are encouraged to do so. Id.

17

Lee v. GDCP Warden, 987 F.3d 1007, 1018-19 (11th Cir. 2021).

The Eleventh Circuit warns:

> because "[t]he standards created by Strickland and §
> 2254(d) are both 'highly deferential,' . . . when the two
> apply in tandem, review is 'doubly' so.   Harrington [v.
> Richter, 562 U.S. 86, 105 (2011)] (internal citations
> and quotation omitted).   Thus, under § 2254(d), "the
> question is not whether counsel's actions were
> reasonable.   The question is whether there is any
> reasonable argument that counsel satisfied
> Strickland's deferential standard."   Id.

Tuomi v. Sec'y, Fla. Dep't of Corr., 980 F.3d 787, 795 (11th Cir. 2020) petition
for cert. filed, (U.S. Feb. 11, 2021).

With respect to an ineffective assistance challenge to the voluntariness

of a guilty or no contest plea, a petitioner must show there is a "reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and

would have insisted on going to trial."   Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The ineffective assistance of counsel may require a plea be set aside on the

ground that it was involuntary because voluntariness implicates not only

threats and inducements but also ignorance and incomprehension.   Finch v.

Vaughn, 67 F.3d 909, 914 (1995) (citations omitted).

This Court must be mindful that in a post-conviction challenge to a guilty

plea, the representations of the defendant, his counsel, and the prosecutor at

the plea hearing, plus the findings of the judge, constitute "a formidable

barrier." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977).   Indeed, a defendant's solemn declarations in open court carry a strong presumption of verity.   Thus, later contentions by a defendant contrary to the record may be deemed wholly incredible in light of the record.

Respondents assert Petitioner is not entitled to relief on ground one because the Petition is untimely, or Petitioner fails to establish that the state court's decision is contrary to or involved an unreasonable application of clearly established federal law or is based on an unreasonable determination of the facts.   Response at 26.   The Court has already determined the Petition is timely; therefore, the remaining question is whether Petitioner has established that the state court's decision was contrary to or an unreasonable application of <u>Strickland</u> and <u>Hill</u> or based on an unreasonable determination of the facts.

Petitioner exhausted this ground by raising a comparable claim in ground one of his Amended Motion for Post Conviction Relief.   Ex. C1 at 7-9. The state, in its Response to Defendant's Post-conviction Motion, referenced the standard set forth in <u>Strickland</u> and the requirement of, in the context of a guilty plea, satisfying the prejudice prong by denoting a reasonable probability, but for counsel's errors, the defendant would not have pled and would have insisted on going to trial, citing <u>Hill</u>.   Ex. C2 at 102.   The state filed a detailed response to ground one.   <u>Id</u>. at 103-107.   The circuit court, in its Order

Denying Defendant's Amended Motion for Postconviction Relief, incorporated the argument and references set forth in the state's response and denied relief. Id. at 226.   The court found either no deficient performance or no prejudice under the standards set forth in Strickland and Hill.   Id. at 225-26.   On April 6, 2016, the 1st DCA affirmed per curiam, Ex. C4, and the mandate issued on April 22, 2016.   Ex. C5.

Here, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected this claim based on Strickland and Hill. Furthermore, Petitioner has not shown the state court unreasonably applied Strickland and Hill or unreasonably determined the facts.

Petitioner states he could not provide substantial assistance due to his prior record; therefore, there was a breach of the plea agreement by the state. Notably, the state court relied on the state's response and the record in denying this ground.   The state pointed out that the agreement did not limit Petitioner's assistance to the Jacksonville Sheriff's Office, meaning Petitioner could have assisted other agencies.   Ex. C2 at 103.   Also, the agreement allowed for third party cooperation on behalf of Petitioner.   Id. at 103-104. The state urged the circuit court to find neither deficient performance on the part of counsel nor prejudice under these circumstances because the state did not breach its plea agreement and Petitioner failed to demonstrate prejudice

"because he could have tried to go to other law enforcement agencies and he could have found a third party to provide cooperation on his behalf." Id. at 104.

Petitioner has not shown that the state court unreasonably applied Strickland and Hill or unreasonably determined the facts. Upon review, the state court was objectively reasonable in its inquiry. As such, Petitioner has failed to satisfy either the performance or prejudice prongs of Strickland. Applying the look-through presumption described in Wilson, deference is due to the 1st DCA's decision affirming the decision of the circuit court. Therefore, ground one is due to be denied.

**Ground Two:    The Petitioner's counsel was ineffective for misinforming him that if he entered a plea[,] he could provide substantial assistance to law enforcement in order to reduce his sentence[,] which was not the case, thereby rendering his plea involuntary and prejudicing the Petitioner.**

Petition at 7-8 (emphasis added).

Petitioner raised a comparable claim in ground two of his Amended Rule 3.850 motion. Ex. C1 at 9-12. The state responded to Petitioner's claim for relief. Ex. C2 at 107-110. The circuit, incorporating the state's argument and references, denied post-conviction relief. Id. at 226. The 1st DCA affirmed. Ex. C4. Thus, ground two is exhausted.

Respondents assert Petitioner is not entitled to relief on ground two because the Petition is untimely, or Petitioner fails to establish that the state court's decision is contrary to or involved an unreasonable application of clearly established federal law or is based on an unreasonable determination of the facts.   Response at 35-36.   The Court has already determined the Petition is timely; therefore, the remaining question is whether Petitioner has established that the state court's decision was contrary to or an unreasonable application of Strickland and Hill or based on an unreasonable determination of the facts.

As the circuit court properly applied the two-pronged Strickland standard of review, Petitioner fails to satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).   The circuit court also found Petitioner failed to satisfy the performance and/or prejudice prongs of Strickland ("each allegedly deficient act by counsel appears reasonably calculated to advance a legitimate interest of Defendant or not to have resulted in prejudice.").   Ex. C2 at 226.   The 1st DCA affirmed the decision of the circuit court.   Ex. C4.

The Court finds the state court's determination, relying on the state's response and the record, is consistent with federal precedent.   In the state's response, references are made to the plea colloquy.   Id. at 107.   Of import, "the condition of providing substantial assistance was spelled out in the agreement and was not limited to the Defendant providing substantial

22

assistance to the Jacksonville Sheriff's Office."   Id. at 108.   Further, the state

argued Petitioner should not be allowed to go behind his sworn testimony at

the plea proceeding.   Id. at 108.   Finally, the state urged the circuit court to

find Petitioner failed to demonstrate a legal deficiency by counsel or prejudice

"because the record establishes that the Defendant was repeatedly told that he

had to cooperate with *a law enforcement agency*, not just the Jacksonville

Sheriff's Office."   Id. at 109 (emphasis in original).

The 1st DCA's decision, although unexplained, is entitled to AEDPA

deference.   Applying the look-through presumption, the state court's ruling is

based on a reasonable determination of the facts and a reasonable application

of the law.   Thus, the state court's adjudication of the claim is not contrary to

or an unreasonable application of Strickland and its progeny or based on an

unreasonable determination of the facts.   Therefore, ground two is due to be

denied.

**Ground Three:   The Petitioner's counsel was ineffective for failing to
object to the state's introduction of evidence of the Petitioner's arrest
for a new law violation at the sentencing hearing when that was not a
condition of the plea agreement, which prejudiced the Petitioner.**

Petition at 8 (emphasis added).

In ground three of his Amended Rule 3.850 motion, Petitioner raised a

comparable claim.   Ex. C1 at 12-14.   The state responded to Petitioner's claim

for relief.   Ex. C2 at 110-13.   The circuit court, incorporating the state's argument and references, denied ground three of the amended motion.   Id. at 226.   The 1st DCA affirmed.   Ex. C4.   Petitioner adequately exhausted ground three in the state court system.

Respondents assert ground three is due to be denied because the Petition is untimely, or Petitioner fails to establish that the state court's decision is contrary to or involved an unreasonable application of clearly established federal law or is based on an unreasonable determination of the facts. Response at 39-40.   Previously in this opinion, the Court determined the Petition is timely; therefore, the remaining question is whether Petitioner has established that the state court's decision was contrary to or an unreasonable application of Federal law, as determined by the Supreme Court of the United States, or based on an unreasonable determination of the facts.

Petitioner fails to satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1). The circuit court properly applied the two-pronged Strickland standard of review finding Petitioner failed to satisfy the performance and/or prejudice prongs of Strickland.   Ex. C2 at 226.   The 1st DCA affirmed the denial of this ground.   Ex. C4.

The state court's determination, relying on the state's response and the record, is consistent with federal precedent and will be given deference

24

pursuant to AEDPA.   Although unexplained, the 1st DCA's decision, affirming the circuit court, is entitled to deference.   Applying the look-through presumption set forth in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. In short, the state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland and its progeny or based on an unreasonable determination of the facts.   As such, ground three is due to be denied.

Alternatively, assuming arguendo deficient performance, Petitioner has not satisfied the prejudice prong of the two-part Strickland standard.   See Response at 40-45.   As noted by Respondents, the state presented sufficient evidence that Petitioner violated the plea agreement independent of any new law violation; "[a]lthough the State did argue to the court that the new arrest violated the plea agreement, that argument was a minor point as the prosecutor indicated that he thought the State had proven the Defendant's violation of the plea agreement by a preponderance of the evidence, regardless of the new arrest[.]"   Ex. C2 at 111.   Thus, Petitioner is not entitled to relief on this ground.

**Ground Four:   The Petitioner's counsel was ineffective for failing to object to the state's sentence recommendation of 15 years to 30 years**

**in prison when the state's recommendation was a breach of the plea agreement, which prejudiced the Petitioner.**

Petition at 8 (emphasis added).

Petitioner exhausted ground four by raising a comparable claim in his amended post-conviction motion.   Ex. C1 at 14-16.   The circuit court summarily denied this ground, referencing its reasoning addressing grounds one through three.   Id. at 226.   The 1st DCA affirmed.   Ex. C4.

The Court finds the state court's determination is consistent with federal precedent.   Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. (d)(1) as the state court rejected this claim pursuant to Strickland.   Further, Petitioner has not shown the state court unreasonably applied Strickland or unreasonably determined the facts.   Indeed, this Court concludes the state court was objectively reasonable in its Strickland inquiry.   Also, the 1st DCA affirmed the decision of the trial court.

Alternatively, Petitioner's failure to establish the prejudice prong of the Strickland standard is fatal to Petitioner's claim of ineffective assistance of counsel.   The record shows, at sentencing, the detective recommended a sentence of 15 years.   Ex. B1 at 108.   The record also demonstrates that ultimately, the state recommended to the court a sentence of 15 years in prison

with a minimum mandatory sentence,[9] not a sentence of 15 to 30 years in prison. Id. at 145. Therefore, Petitioner's claim that counsel was ineffective for failure to object to the state's sentencing recommendation of 15 to 30 years in prison is without merit as the state recommended to the court a sentence of 15 years, not 15 to 30 years.

Of import, the court imposed a sentence of fifteen years without imposing a minimum mandatory sentence. Id. at 37-38, 146-47. Thus, Petitioner cannot satisfy the prejudice prong of Strickland. Without satisfying the prejudice prong, Petitioner cannot prevail on his claim of ineffective assistance of counsel. See Brewster v. Hetzel, 913 F.3d 1042, 1051-52 (11th Cir. 2019) (reviewing court may begin with prejudice component of the Strickland test). There is no reasonable probability of a different result sufficient to undermine confidence in the outcome. Therefore, ground four is due to be denied.

---

[9] In the Plea of Guilty and Negotiated Sentence, the state agreed to waive all applicable minimum mandatory sentences if Petitioner's cooperation and/or information led to the filing of at least three prosecutable cases, as defined in the agreement, and the sentence would be in the range of 0-10 years. Ex. B1 at 24. The state agreed, if Petitioner satisfied all conditions specified but the information did not lead to the filing of any prosecutable cases, the range of sentence would be 3 to 15 years, unless a lesser sentence is recommended and accepted by the state. Id. Finally, if there was a violation of the terms of the agreement, including failure to provide substantial assistance, the state would not waive any applicable minimum/mandatory sentence and Petitioner would be sentenced to between 15 and 30 years in prison. Id. See Plea Transcript, Ex. B1 at 88-90. After a plea colloquy, the court found the plea freely and voluntarily entered with a full knowledge and understanding of the consequences of the plea. Id. at 95.

**Ground Five:**   **Florida Statutes [sic] Section 893.135 is facially unconstitutional thereby rendering the Petitioner's conviction under the statute invalid.**

Petition at 8 (emphasis added).

Petitioner exhausted ground five by raising a comparable claim in his amended post-conviction motion asserting Petitioner's conviction for conspiracy to traffic in controlled substances violated his constitutional protections as declared in Shelton v. Sec'y, Dep't of Corr., 802 F.Supp.2d 1289 (M.D. Fla. 2011) (Shelton).   Ex. C1 at 16-34.   The state circuit court denied this ground noting the Florida Supreme Court rejected such challenges to the Florida Comprehensive Drug Abuse Prevention and Control Act.   Ex. C2 at 226.   The 1st DCA affirmed.   Ex. C4.

To the extent the state court addressed the federal constitutional claim, the state's court's decision is entitled to AEDPA deference.   The Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of federal law or based on an unreasonable determination of the facts.

Alternatively, this claim has no merit and is due to be denied.   The Eleventh Circuit reversed the decision in Shelton.[10]   Shelton v. Sec'y, Dep't of

---

[10] Apparently, Petitioner's counsel mailed the amended Rule 3.850 motion to the state circuit court on August 20, 2012, and it was filed with the state court clerk on August 24, 2012.   The Eleventh Circuit, on August 24, 2012, reversed Shelton.

Corr., 691 F.3d 1348 (11th Cir. 2012), cert. denied, 569 U.S. 923 (2013). As such, Petitioner is not entitled to relief on this ground.

**Ground Six: The cumulative effect of counsel's deficient performance prejudiced the Petitioner.**

Petition at 8 (emphasis added).

Petitioner exhausted this ground by presenting a comparable claim in his amended post-conviction motion. Ex. C1 at 34-35. The circuit court rejected this ground as meritless because all of Petitioner's claims of ineffective assistance of counsel were denied. Ex. C2 at 227. The 1st DCA affirmed. Ex. C4.

It is clear, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. (d)(1) as the state court rejected this claim applying the Strickland standard of review for claims of ineffective assistance of counsel. Ex. C2 at 225. Therefore, the state court's determination is consistent with federal precedent. In addition, Petitioner has not shown the state court unreasonably applied Strickland or unreasonably determined the facts. The Court concludes the state court was objectively reasonable in its Strickland inquiry and its decision to deny post-conviction relief. Finally, the Court recognizes the 1st DCA affirmed the decision of the circuit court and the 1st DCA's decision is entitled to AEDPA deference. Ex. C4.

After a thorough review of the record and the pleadings, Petitioner has not demonstrated any of his trial counsel's alleged errors, considered alone, rise to the level of ineffective assistance of counsel; therefore, there are no errors to accumulate, and Petitioner is not entitled to habeas relief. See Allen v. Sec'y, Dep't of Corr., 767 F. App'x 786, 793 (11th Cir. 2019) (per curiam) (finding no merit in petitioner's cumulative error claim based on his failure to show any actual errors committed by counsel); Morris v. Sec'y, Dep't of Corr., 677 F.3d 1117, 1132 (11th Cir. 2012) ("we have nothing to accumulate"); Spears v. Mullin, 343 F.3d 1215, 1251 (10th Cir. 2003) (when the sum of various zeroes remains zero, the claim of prejudicial effect of cumulative errors is nil and does not support habeas relief), cert. denied, 541 U.S. 909 (2004).   As the threshold standard of Strickland has not been met, Petitioner has failed to demonstrate that his trial was fundamentally unfair and his counsel ineffective.   Moreover, the Court finds Petitioner has not shown specific errors which undermine the conviction in their cumulative effect; therefore, he has failed to demonstrate prejudice.

In sum, this Court finds Petitioner failed to present sufficient separate and individual ineffective assistance of counsel claims; therefore, even considered cumulatively, his assertions do not render the claim of ineffective assistance of counsel sufficient.   See Benzant v. Jones, No. 16-Civ-20219-

TORRES, 2018 WL 930925, at *14 (S.D. Fla. Feb. 16, 2018) (not reported in F. Supp.) (errors not unconstitutional individually do not create a constitutional violation when added together) (citations omitted), cert. denied, 140 S. Ct. 426 (2019). As such, Petitioner is not entitled to habeas relief on this Sixth Amendment claim of cumulative error. Therefore, ground six is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.   This action is **DISMISSED WITH PREJUDICE**.

3.   The **Clerk** shall enter judgment accordingly and close this case.

4.   If Petitioner appeals the denial of the Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability**. [11] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any

---

[11] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

motion to proceed on appeal as a pauper that may be filed in this case.   Such

termination shall serve as a denial of the motion.

      **DONE AND ORDERED** at Jacksonville, Florida, this /9 day of March,

2021.


_____
UNITED STATES DISTRICT JUDGE


sa 3/18
c:
Anthony Gates
Counsel of Record